# UNITED STATES DISTRICT COURT OF OHIO
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| SRINIVASA RAO GUBBALA, | Case No. 2:24-CV-00444-SDM-CMV |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | Magistrate Chelsey M. Vascura |
| ABERCROMBIE & FITCH TRADING CO., | **ABERCROMBIE & FITCH'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |
| Defendant. | |
| ABERCROMBIE & FITCH TRADING CO., and ABERCROMBIE & FITCH CO., | |
| Counterclaim Plaintiffs, | |
| v. | |
| SRINIVASA RAO GUBBALA and GANNETFISHER LLC | |
| Counterclaim Defendants. | |

Defendant and Counterclaim Plaintiff Abercrombie & Fitch Trading Co. ("A&F" or "Defendant" or "Counterclaim Plaintiff") and Counterclaim Plaintiff Abercrombie & Fitch Co., ("A&F Co." and, together with A&F, the "Counterclaim Plaintiffs"), by and through their undersigned counsel, submit this Answer, Defenses, and Counterclaims to Plaintiff and Counterclaim Defendant Srinivasa Rao Gubbala's ("Mr. Gubbala" or "Plaintiff" or "Counterclaim Defendant") Complaint [Dkt. #1] as follows. Except as expressly admitted, A&F denies each and every allegation set forth in Plaintiffs' Complaint. A&F reserves the right to amend or supplement this Answer, Defenses, and Counterclaims as may be necessary or appropriate. The headings in the Complaint are reproduced in this document for the convenience of the reader. To the extent

such headings include or infer allegations, they are denied.

## NATURE OF THIS ACTION

1.    Defendant admits only that on December 17, 2019, the United States Patent and Trademark Office ("USPTO") published Plaintiff's U.S. Trademark Application Serial No. 88/555,046, originally submitted July 31, 2019, for the mark  shown in Illustration 1 in the Complaint ("Plaintiff's Mark") in the Official Gazette for use in connection with certain clothing goods (the "Application"). Defendant admits that a drawing of Defendant's mark is available at https://tsdr.uspto.gov/documentviewer?caseId=sn88555046&docId=DRW20190803192217#docIndex=11&page=1. Defendant is without sufficient information to admit or deny the accuracy of the material referenced as "annexed as Exhibit A" and on that basis denies the accuracy of that material.

2.    Defendant admits only that it opposed U.S. Trademark Application Serial No. 88/555,046 before the U.S. Trademark Trial and Appeal Board, and that Illustration 2 as referenced in the Complaint appears on p. 3 of Defendant's Notice of Opposition dated April 14, 2020, which Notice of Opposition is available online at https://ttabvue.uspto.gov/ttabvue/ttabvue-91255288-OPP-1.pdf. Defendant is without sufficient information to admit or deny the accuracy of the material referenced as "annexed as Exhibit B" and on that basis denies the accuracy of that material. Defendant denies all remaining allegations in Paragraph 2.

3.    Defendant admits only that the Trademark Trial and Appeal Board ("TTAB") concluded that Plaintiff's Mark was likely to cause confusion with A&F's Bird Marks, in part due to the marks' overall visual similarity and commercial impressions, among other reasons. Defendant admits that for these and other reasons the TTAB upheld Defendant's Opposition to the

registration of Plaintiff's Mark. Defendant admits that the TTAB's decision in *Abercrombie & Fitch Trading Co. v. Gubbala*, Opposition No. 91255288 is available at https://ttabvue.uspto.gov/ttabvue/ttabvue-91255288-OPP-37.pdf. Defendant is without sufficient information to admit or deny whether Plaintiff last checked the link in the prior sentence on Feb. 4, 2024, and also the accuracy of the material referenced as "annexed as Exhibit C", and on that basis denies this material. Defendant denies all remaining allegations in Paragraph 3.

4.     Paragraph 4 consists of characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.     Paragraph 5 contains characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

## PARTIES

6.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies them.

7.     Admitted.

## JURISDICTION AND VENUE

8.     Admitted.

9.     Defendant admits only that the decision of the Trademark Trial and Appeal Board upheld A&F's Opposition to the Registration of Plaintiff's Mark, in *Abercrombie & Fitch Trading Co. v. Gubbala*, Opposition No. 91255288, on December 8, 2023. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 9 and therefore denies them.

10.    Admitted.

11.    Admitted.

## PROCEDURAL HISTORY BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE

12.     Defendant admits only that the chart in Paragraph 12 of the Complaint shows the full and accurate docket of the Application including the date for each item and the "Document Description" as docketed by the USPTO as available online at https://tsdr.uspto.gov/#caseNumber=88555046&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch under the "Trademark Documents tab" as of February 4, 2024, the filing date of the Complaint.

13.     Denied.

14.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies them.

15.     Defendant admits only that Defendant's 90-day request for an extension of time to oppose was granted, Defendant filed a Notice of Opposition on April 14, 2020 in which Defendant alleged the mark subject of the Application "so closely resemble[d Abercrombie & Fitch Trading Co.'s] previously used and registered A&F Bird Design Marks in appearance and commercial impression so as to be likely to cause confusion, mistake or deception under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d)." Opposition at ¶ 16. Defendant admits that for these and other reasons, Defendant petitioned that Plaintiff be refused registration of Plaintiff's Mark. Defendant is without sufficient information to admit or deny the accuracy of the material referenced as "annexed as Exhibit B" and on that basis denies the accuracy of that material.

16.     Defendant admits only that after a hearing, the Trademark Trial and Appeal Board issued a decision on December 8, 2024, sustaining Defendant's opposition and refusing to register Plaintiff's application. Defendant is without sufficient information to admit or deny the accuracy of the material referenced as "Exhibit C" and on that basis denies the accuracy of that material.

17. Denied. The "docket" shown in Paragraph 17 of the Complaint is out of order.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 and, therefore, denies them.

## CLAIM FOR DE NOVO REVIEW
## AND REVERSAL OF TTAB DECISION

19. Paragraph 19 contains characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the statements in Paragraph 19.

20. Paragraph 20 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, including the relief requested in its Complaint.

Defendant respectfully requests the Court affirm the Trademark Trial and Appeal Board's decision denying the registration for the Application, Application No. 88/555,046, and award Defendant all other relief the Court deems appropriate.

## ABERCROMBIE & FITCH TRADING CO.'S
## AFFIRMATIVE & OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, without assuming any burden that it would not otherwise bear, without reducing or removing Mr. Gubbala's burdens of proof on its affirmative claims against Defendant, reserving its right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Defendants hereby assert the following defenses to Mr. Gubbala's Complaint:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted

and/or fails to plead the allegations with sufficient particularity.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no harm or damages.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, under one or more of the equitable doctrines of laches, equitable estoppel, acquiescence, and/or unclean hands.

## OTHER DEFENSES RESERVED

Defendant reserves all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, which may be available now or in the future based on discovery or any other factual investigation in this case.

**<u>DEFENDANT AND COUNTERCLAIM PLAINTIFF ABERCROMBIE
& FITCH TRADING CO.'S AND COUNTERCLAIM PLAINTIFF
ABERCROMBIE & FITCH CO.'S FIRST AMENDED COUNTERCLAIMS</u>**

Defendant and Counterclaim Plaintiff Abercrombie & Fitch Trading Co. ("A&F or "Counterclaim Plaintiff") and Counterclaim Plaintiff Abercrombie & Fitch Co., ("A&F Co." and, together with A&F, the "Counterclaim Plaintiffs") by and through their attorneys, allege as follows against Plaintiff and Counterclaim Defendant Srinivasa Rao Gubbala ("Mr. Gubbala") and Counterclaim Defendant Gannetfisher LLC ("Gannetfisher") (Mr. Gubbala and Gannetfisher together, the "Counterclaim Defendants"):

**NATURE OF CLAIMS AND RELIEF SOUGHT**

1.     Counterclaim Plaintiffs seek injunctive and monetary relief against Counterclaim Defendants for trademark infringement, dilution, unfair competition, and deceptive trade practices regarding Counterclaim Defendants' advertising, marketing, and offering for sale of apparel and accessories bearing trademarks that infringe Counterclaim Plaintiffs' famous, well-known, and federally registered Hollister Bird trademarks (the "Hollister Bird Marks"). Counterclaim Plaintiffs seek relief against Counterclaim Defendants for willful infringement of the Hollister Bird Marks based on Counterclaim Defendants' use, marketing, and advertisements of a confusingly similar bird trademark subject of Mr. Gubbala's U.S. Application Serial No. 88/555,046 that is subject of Mr. Gubbala's Complaint in connection with the marketing, advertising, and offering for sale of clothing and accessories, despite Counterclaim Defendants' actual knowledge of Counterclaim Plaintiffs' prior rights in and extensive use of Counterclaim Plaintiffs' federally registered Hollister Bird Marks.

**THE PARTIES**

2.     Abercrombie & Fitch Co. ("A&F Co.") is a Delaware corporation with a principal

place of business at 6301 Fitch Path, New Albany, Ohio 43054 and, through its wholly owned subsidiaries, designs, manufactures, and sells apparel and accessories, which it distributes throughout the United States and internationally.

3.     Abercrombie & Fitch Trading Co. ("A&F") is an Ohio corporation organized in the State of Ohio with a principal place of business at 6301 Fitch Path New Albany, Ohio 43054, is a wholly owned subsidiary of A&F Co. and is the registered owner of the Hollister Bird Marks.

4.     Upon information and belief, Mr. Gubbala is a natural person currently residing in the State of Oregon.

5.     Upon information and belief, Gannetfisher LLC is a limited liability company formed in the State of Oregon whose sole Managing Member is Plaintiff Mr. Gubbala.

6.     Gannetfisher LLC describes itself as an American athletic gear start-up that sells athletic, yoga activewear, and sportwear.

7.     The Gannetfisher LLC goods bear the bird design subject of Mr. Gubbala's U.S. Application Serial No. 88/555,046 that is subject of Mr. Gubbala's Complaint (Dkt. 1)) filed in this action.

8.     Upon information and belief Mr. Gubbala has control of and is the owner of Gannetfisher LLC.

**JURISDICTION AND VENUE**

9.     This action arises and is brought under the Trademark Act of July 5, 1946, commonly known as the Lanham Act, 15 U.S.C. § 1501, *et seq*., and Ohio statutory and common law pertaining to trademark infringement, trademark dilution, and unfair competition.

10.     This Court has subject matter jurisdiction over Counterclaim Plaintiffs' counterclaims under 28 U.S.C. § 1331 because they arise under the Declaratory Judgment Act, 28

U.S.C. §§ 2201-2202 and the Lanham Act, 15 U.S.C. § 1071 and under 28 U.S.C. § 1367(a) because they are so related to the plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Mr. Gubbala has subjected himself to personal jurisdiction by filing this lawsuit against A&F in this District.

12. This court has personal jurisdiction over Gannetfisher LLC because, on information and belief:

   a. Gannetfisher LLC's sole Managing Member is Mr. Gubbala, who has subjected himself to personal jurisdiction in this Court;

   b. Gannetfisher LLC is the beneficial owner of the infringing bird design (subject of Mr. Gubbala's U.S. Application Serial No. 88/555,046 and Mr. Gubbala's Complaint (Dkt. 1)) filed in this action; and

   c. Gannetfisher LLC has marketed and offered for sale through the website www.gannetfisher.com and social media channels apparel bearing the bird design that is the subject of Mr. Gubbala's Complaint (hereinafter, the "Gannetfisher Bird Mark") to residents of this District. *See* **Exhibit 1**, true and correct copies of the website www.gannetfisher.com, and excerpts from Gannetfisher LLC's Facebook and Instagram pages dated April 26, 2024.

13. Counterclaim Plaintiffs' counterclaims against Mr. Gubbala and Gannetfisher LLC are so related to Mr. Gubbala's claims in his Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

14. Counterclaim Plaintiffs have sustained harm in this District as the direct result of Gannetfisher LLC's conduct.

15.     Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b).

## BACKGROUND FACTS

16.     Abercrombie & Fitch Co. ("A&F Co.") is one of the largest manufacturers, wholesalers, and retailers of high-quality casual apparel and accessories for men, women, and children with an active, youthful lifestyle in the U.S. A&F Co. wholly owns Abercrombie & Fitch Trading Co. ("A&F").

17.     For over two decades, A&F Co. and A&F, and A&F's predecessors in interest, have manufactured and sold high-end apparel and related accessories in the United States, through its Hollister Co. clothing brand, with its signature logo comprising a bird design, which A&F has registered in various forms (the "Hollister Bird Marks").

18.     A&F is the owner of numerous U.S. registrations for the following design marks (each a "Hollister Bird Mark," and together, the "Hollister Bird Marks"). True and correct copies of the registration certificates for the Hollister Bird Marks are attached as **Exhibit 2**:

| No. | MARK | Reg. No. | Reg. Date | Class, Goods/Services | First Use Date |
|-----|------|----------|-----------|-----------------------|----------------|
| 1 |  | Reg: 3745498 | 2-FEB-2010 | 25: Clothing, namely, blouses, boxer shorts, camisoles, caps, coats, dresses, footwear, hats, jackets, jeans, knit shirts, knit tops, loungewear, pajamas, pants, scarves, shirts, shorts, skirts, sleepwear, sweat pants, sweat shirts, sweaters, swim wear, t-shirts, tank tops, undershirts, underwear and vests, all sold exclusively through applicant's Hollister stores and Hollister 2website | 00-OCT-2003 |
| 2 |  | Reg: 4022932 | 6-SEPT-2011 | 25: clothing, namely, beachwear, belts, boxer shorts, jackets, jeans, knit shirts, knit tops, pants, shirts, shorts, skirts, sweat shirts, sweaters, swim wear, t-shirts and | 8-AUG-2003 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | tank tops sold exclusively in Hollister Co. stores and Hollister Co. online web-sites | |
| 3 |  | Reg: 3745497 | 2-FEB-2010 | 25: Clothing, namely, blouses, boxer shorts, camisoles, caps, coats, dresses, footwear, hats, jackets, jeans, knit shirts, knit tops, loungewear, pajamas, pants, scarves, shirts, shorts, skirts, sleepwear, sweat pants, sweat shirts, sweaters, swim wear, t-shirts, tank tops, undershirts, underwear and vests, all sold exclusively through applicant's Hollister stores and Hollister website | 00-OCT-2003 |
| 4 |  | Reg: 3855891 | 5-OCT-2010 | 25: Gloves; Headwear; Scarves | 00-OCT-2005 |
| 5 |  | Reg: 4091084 | 24-JAN-2012 | 25: Belts; Bottoms; Coats; Footwear; Jackets; Sleepwear; Swimwear; Tops; Undergarments | 08-AUG-2003 |
| 6 |  | Reg: 3588412 | 10-MAR-2009 | 35: On-line retail store services featuring personal care products, clothing, jewelry, and bags; Retail store services featuring personal care products, clothing, jewelry, and bags | 12-OCT-2006 |
| 7 |  | Reg: 4384092 | 13-AUG-2013 | 35: retail clothing store services | 00-FEB-2006 |
| 8 |  | Reg: 3592454 | 17-MAR-2009 | 35: On-line retail store services featuring personal care products, clothing, jewelry, and bags; Retail stores featuring personal care products, clothing, jewelry, and bags | 12-OCT-2006 |
| 9 |  | Reg: 6900944 | 15-NOV-2022 | 25: Tops as clothing | 26-MAR-2021 |

19.     Each of Counterclaim Plaintiffs' Hollister Bird Marks, including those depicted in the registrations referenced in Paragraph 11 above, consist of a seabird with outspread wings viewed from the side with the bird's head and beak facing to the left and the bird's outspread wings shown above the bird's body.

20.    Counterclaim Plaintiffs often use the Hollister Bird Marks in silhouette form, as shown Rows 1 through 8 in the chart of A&F's live U.S. trademark registrations referenced in Paragraph 11 above.

21.    Counterclaim Plaintiffs have also used its Hollister Bird Mark in a true-to-life, multi-color, shaded form, as shown in Row 9 in the chart of A&F's live U.S. trademark registrations referenced in Paragraph 11 above.

22.    In accordance with § 5 of the U.S. Trademark Act, all use of the Hollister Bird Marks by A&F Co.'s and A&F's affiliated and related companies, as alleged herein, inures to the benefit of Counterclaim Plaintiffs.

23.    All of A&F's registrations identified in the chart in Paragraph 11 above are prima facie evidence of the validity thereof and A&F's ownership and exclusive right to use these marks in commerce and are constructive notice of A&F's ownership thereof, all as provided by §§ 7(b) and 22 of the U.S. Trademark Act of 1946, as amended.

24.    A&F's registrations for eight of the Hollister Bird Marks (Reg. Nos. 3,745,498; 4,022,932; 3,745,497; 3,855,891; 4,091,084; 3,588,412; 4,384,092; and 3,592,454) are incontestable under 15 U.S.C. § 1065, and as such, these registrations are conclusive evidence of the validity of the registered marks, of A&F's ownership of the marks, and of A&F's exclusive right to use the Hollister Bird Marks in commerce.

25.    Since at least as early as August 2003—over twenty years—Counterclaim Plaintiffs and their predecessors in interest have sold clothing under the Hollister Bird Marks. Counterclaim Plaintiffs have also used the Hollister Bird Marks for retail store services featuring those products in International Class 35, as detailed in the chart in Paragraph 11 above.

26.    Counterclaim Plaintiffs' use of the Hollister Bird Marks has been valid and

continuous since at least as early as each of the respective dates of first use shown in Paragraph 11 above, and these rights have not been abandoned.

27.     Counterclaim Plaintiffs actively promote their Hollister Bird Marks on their website at www.hollisterco.com, on their mobile application, on their various social media platforms, on in-store photographs, on tags and packaging, and have spent substantial sums advertising its Hollister Bird Marks.

28.     Counterclaim Plaintiffs' clothing and other products, including but not limited to footwear, headwear, and accessories, bearing the Hollister Bird Marks are sold in its Hollister Co. stores, as well as through the website www.hollisterco.com.

29.     As a result of Counterclaim Plaintiffs' long and continuous use of the Hollister Bird Marks since at least as early as August 2003, and their substantial investment in advertising and promotion, the Hollister Bird Marks are famous and consumers have come to recognize the Hollister Bird Marks as uniquely associated with Counterclaim Plaintiffs and an indication of origin in Counterclaim Plaintiffs. Consequently, Counterclaim Plaintiffs have established valuable goodwill and exclusive rights in the registered Hollister Bird Marks.

**MR. GUBBALA'S CONFUSINGLY
SIMILAR U.S. TRADEMARK APPLICATION**

30.     Counterclaim Defendant Srinivasa Rao Gubbala owns currently abandoned U.S. Application Serial No. 88/555,046 for the mark  (the "Gannetfisher Bird Mark"), which Mr. Gubbala filed on July 31, 2019, on an intent-to-use basis under § 1(b) of the Trademark Act, for various clothing, footwear, headwear, and clothing accessories in International Class 25 ("the Application").

31.     Like the Hollister Bird Marks, the Gannetfisher Bird Mark consists of a seabird

with outspread wings viewed from the side with the bird's head and beak facing to the left and the bird's outspread wings shown above the bird's body.

32.     On January 14, 2020, A&F submitted a request to the U.S. Trademark Trial and Appeal Board ("TTAB") that A&F be granted a 90-day extension of time to file a notice of opposition against the Application. The TTAB granted A&F's request to extend time to oppose until April 15, 2020.

33.     A&F contacted Mr. Gubbala, described A&F's prior rights in A&F's Hollister Bird Marks, and requested that Mr. Gubbala withdraw the Application and stop using the Gannetfisher Bird Mark.

34.     Despite A&F making Mr. Gubbala explicitly aware of A&F's prior rights in the Hollister Bird Marks, Mr. Gubbala declined to withdraw the Application or stop using the Gannetfisher Bird Mark.

35.     On April 14, 2020, A&F timely filed a Notice of Opposition (Opposition No. 91255288) against the Application on the basis of likelihood of confusion and dilution of the Hollister Bird Marks (the "Opposition").

36.     In the Notice of Opposition, A&F alleged the following, which A&F also realleges here:

   a.   A&F's Hollister Bird Marks were used and became famous in the United States well prior to the filing date of the Application.

   b.   A&F's filing dates to register and registrations of the Hollister Bird Marks predate Mr. Gubbala's filing date by well over a decade.

   c.   A&F's use of the Hollister Bird Marks predates Mr. Gubbala's filing date.

   d.   The Gannetfisher Bird Mark so closely resembles A&F's previously used and

registered Hollister Bird Marks in appearance and commercial impression so as to be likely to cause confusion, mistake, or deception under Section 2(d) of the U.S. Trademark Act, 15 U.S.C. § 1052(d).

e.  Mr. Gubbala's applied-for goods under the Application are identical and/or closely related to the goods and services set forth in A&F's registrations for the Hollister Bird Marks.

f.  Mr. Gubbala's applied-for goods are likely to be sold to the same or overlapping classes of purchasers as A&F's goods and services and are likely to be sold and offered through the same channels of trade, as there are no limitations in the identification of goods and services in the respective registrations owned by A&F and the Application.

g.  Therefore, consumers are likely to be confused, mistaken, or deceived into the belief, contrary to the fact, that goods offered by Mr. Gubbala under the Gannetfisher Bird Mark emanate from and/or are in some way sponsored or approved by A&F and/or that Mr. Gubbala is somehow affiliated with A&F.

h.  Mr. Gubbala's use and registration of the Gannetfisher Bird Mark is likely to dilute A&F's Hollister Bird Marks by impairing their distinctiveness and ability to exclusively identify goods and services from A&F, which have acquired renown as used by A&F in violation of § 43(c) of the Federal Trademark Act.

37.  On May 14, 2020, counsel for Mr. Gubbala filed an Answer denying each of A&F's claims.

## THE TRADEMARK TRIAL AND APPEAL BOARD SUSTAINS A&F'S OPPOSITION AND REFUSES TO REGISTER MR. GUBBALA'S APPLICATION

38.  Following full discovery, a trial period, and an oral hearing, on December 8, 2023,

the TTAB issued its Final Decision (the "TTAB Final Decision") sustaining the Opposition in favor of A&F, finding the Gannetfisher Bird Mark is confusingly similar to at least one of A&F's registered Hollister Bird Marks, and refusing registration of the Gannetfisher Bird Mark on this basis. A true and correct copy of the TTAB Final Decision is attached as **Exhibit 3**.

39.    The TTAB found "A&F's mark is a strong indicator of source and the goods, the goods, the channels of trade, the classes of consumers and conditions of sale all favor finding a likelihood of confusion." *See* **Exhibit 3** at p. 27. The remaining relevant DuPont likelihood of confusion factors were found to be neutral. *Id.* No DuPont factors favored Mr. Gubbala. *Id.*

40.    Because the TTAB found that there is a likelihood of confusion between the Hollister Bird Marks and the Gannetfisher Bird Mark, the TTAB did not reach A&F's dilution claim.

**COUNTERCLAIM DEFENDANTS'**
**INFRINGING USE OF THE GANNETFISHER BIRD MARK**

41.    On information and belief, Counterclaim Defendants registered the domain https://www.gannetfisher.com/ (the "Gannetfisher Website") on January 3, 2019.

42.    On information and belief, and according to the State of Oregon's Secretary of State website as of May 13, 2024, Mr. Gubbala is the sole Member of Gannetfisher LLC.

43.    On information and belief, Mr. Gubbala is also the Registered Agent for Gannetfisher LLC.

44.    On information and belief, Gannetfisher LLC is the beneficial owner of the Gannetfisher Bird Mark.

45.    On information and belief, Gannetfisher LLC has marketed and offered for sale through the website www.gannetfisher.com and social media channels apparel bearing the infringing bird that is the subject of Mr. Gubbala's Complaint, including in this District.

46.    On information and belief, and according to the Gannetfisher Website, Gannetfisher LLC owns the copyright for the content and images on the Gannetfisher Website.

47.    On information and belief, and according to Facebook and Instagram accounts associated with the use and promotion of the Gannetfisher Bird Mark in connection with clothing and related goods, Counterclaim Defendants first began using the Gannetfisher Bird Mark on or around August 9, 2019.

48.    Since August 9, 2019, the Facebook and Instagram accounts associated with the use and promotion of the Gannetfisher Bird Mark in connection with clothing and related goods have consistently and repeatedly advertised the Gannetfisher Bird Mark in connection with the sale of clothing and related goods.

49.    On February 4, 2024, when Mr. Gubbala filed the Complaint in this action, and as of April 26, 2024, Counterclaim Plaintiffs continue to promote and advertise the sale of clothing along with the promotion of the Gannetfisher Bird Mark on the Gannetfisher Website and social media channels.

## FIRST COUNTERCLAIM
## DECLARATION THAT THE TTAB'S DECEMBER 2023 DECISION IS AFFIRMED

50.    Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 49 above, as if fully set forth herein.

51.    An actual controversy has arisen and now exists between Counterclaim Plaintiffs and Mr. Gubbala in that Mr. Gubbala has appealed the TTAB Final Decision in this Court.

52.    Abercrombie & Fitch Trading Co. is the rightful owner of the Hollister Bird Marks.

53.    A&F's filing date to register and registrations of the Hollister Bird Marks predates Mr. Gubbala's filing date and use of the Gannetfisher Bird Mark the by well over a decade.

54.    A&F's use of the Hollister Bird Marks predates Mr. Gubbala's filing date and use

by well over a decade.

55.     The Gannetfisher Bird Mark so closely resembles A&F's previously used and registered Hollister Bird Marks in appearance and commercial impression so as to be likely to cause confusion, mistake or deception under Section 2(d) of the U.S. Trademark Act, 15 U.S.C. § 1052(d).

56.     Mr. Gubbala's applied-for goods under the Application are identical and/or closely related to the goods and services set forth in A&F's registrations for the Hollister Bird Marks.

57.     Mr. Gubbala's applied-for goods are likely to be sold to the same or overlapping classes of purchasers as A&F's goods and services and are likely to be sold and offered through the same channels of trade, as there are no limitations in the identification of goods and services in the respective registrations owned by A&F and the Application.

58.     Therefore, consumers are likely to be confused, mistaken, or deceived into the belief, contrary to the fact, that goods offered by Mr. Gubbala under the Gannetfisher Bird Mark emanate from and/or are in some way sponsored or approved by A&F and/or that Mr. Gubbala is somehow affiliated with A&F.

59.     As a result of the TTAB Final Decision, A&F has shown priority of use and registration as well as likelihood of confusion between at least one of the Hollister Bird Marks and the Gannetfisher Bird Mark.

60.     As a result, A&F is entitled to a Declaration that the TTAB Final Decision is affirmed, and that the Gannetfisher Bird Mark and the underlying Application are likely to cause confusion with the Hollister Bird Marks and therefore should be refused registration on the USPTO's Principal Register.

61.     Unless the relief requested herein by Counterclaim Plaintiffs is granted, Mr.

Gubbala will continue to cause injury to Counterclaim Plaintiffs, including but not limited to, by receiving a *prima facie* nationwide exclusive right to use a mark that is likely to cause confusion as to source, sponsorship, and affiliation with A&F and the Hollister Bird Marks in commerce.

## SECOND COUNTERCLAIM
## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125

62. Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 61 above, as if fully set forth herein.

63. This is a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1125.

64. Counterclaim Plaintiffs have been the rightful owners of the Hollister Bird Marks since at least as early as August 2003.

65. Counterclaim Defendants have infringed the Hollister Bird Marks by using and by Mr. Gubbala attempting to register a confusingly similar mark in commerce in association with goods and services that are the same as and/or substantially similar to Counterclaim Plaintiffs' goods and services offered under the prior Hollister Bird Marks, thereby creating a likelihood of confusion and mistake among customers and the public.

66. Counterclaim Defendants' unauthorized use of a confusingly similar mark to the Hollister Bird Marks in connection with identical or nearly identical goods and services is intended to cause confusion, mistake, or deception.

67. Counterclaim Defendants' unauthorized use of a confusingly similar mark to the Hollister Bird Marks is willful and deliberate, and in bad faith, including but not limited to because Mr. Gubbala has refused to withdraw his Application and has refused to cease use of the Gannetfisher Bird Mark even after receiving explicit notice from Counterclaim Plaintiffs regarding Counterclaim Plaintiffs' asserted rights in the Hollister Bird Marks.

68.     Counterclaim Defendants' above-discussed use and Mr. Gubbala's application to register a confusingly similar bird mark at the USPTO, his subsequent defense of the same in the Opposition, and his subsequent appeal to this Court, have injured and violated the rights of Counterclaim Plaintiffs in an amount to be determined at trial.

69.     Counterclaim Defendants' acts complained of herein have caused damage to Counterclaim Plaintiffs and have irreparably injured the public recognition and goodwill associated with the Hollister Bird Marks.

70.     Further, by these acts, Counterclaim Defendants have irreparably injured Counterclaim Plaintiffs and such injury will continue unless enjoined by this Court.

## THIRD COUNTERCLAIM
## TRADEMARK DILUTION BY BLURRING IN VIOLATION OF 15 U.S.C. § 1125

71.     Plaintiffs repeat and reallege Paragraphs 1 through 70 above as if fully set forth herein.

72.     Counterclaim Plaintiffs have used the Hollister Bird Marks in connection with clothing, footwear, headwear, and clothing accessories in U.S. commerce since at least as early as 2003.

73.     Counterclaim Plaintiffs have expended significant sums over multiple decades on the advertising, promotion, and sale of clothing, accessories, and related retail services bearing the Hollister Bird Marks.

74.     Counterclaim Plaintiffs' Hollister Bird Marks are distinctive and exclusively associated as a source Counterclaim Plaintiffs' goods and services.

75.     Counterclaim Plaintiffs' Hollister Bird Marks became famous in the U.S. well before the first use of the Gannetfisher Bird Mark and well before the filing date of Mr. Gubbala's U.S. Application Serial No. 88/555,046, which was filed on July 31, 2019, based on an intent to

use under § 1(b) of the U.S. Trademark Act.

76.     Counterclaim Plaintiffs' filing dates, registration dates, and use of the Hollister Bird Marks predate Mr. Gubbala's use and filing date for the Gannetfisher Bird Mark.

77.     Counterclaim Defendants' goods and services are likely to be sold and offered to the same or overlapping classes of purchasers as Counterclaim Plaintiffs' goods and services, and are likely to be sold through the same channels of trade, and there are no limitations in the identification of goods and services in relevant registrations owned by A&F and the Application owned by Mr. Gubbala.

78.     Counterclaim Defendants' use and registration the Gannetfisher Bird Mark is likely to dilute Counterclaim Plaintiffs' Hollister Bird Marks by impairing their distinctiveness and ability to exclusively identify goods and services from Counterclaim Plaintiffs, which have acquired renown as used by Counterclaim Plaintiffs, in violation of § 43(c) of the U.S. Trademark Act.

## FOURTH COUNTERCLAIM
## UNFAIR COMPETITION AND FALSE DESIGNATION
## OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125

79.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 78 above as if fully set forth herein.

80.     Counterclaim Defendants' conduct constitutes unfair competition and false designation of original under 15 U.S.C. § 1125(a).

81.     Counterclaim Plaintiffs engage in interstate activities to promote and sell their goods and services, as well as the goodwill associated with the Hollister Bird Marks, throughout the United States.

82.     By marketing, advertising, and attempting to sell or distribute products using a

seabird design mark that is confusingly similar to Counterclaim Plaintiffs' Hollister Bird Marks, Counterclaim Defendants are engaging in unfair competition, false advertising, false designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Counterclaim Plaintiffs and their goods and services in violation of 15 U.S.C. § 1125(a).

83.     Mr. Gubbala's years'-long defense of the Opposition before the TTAB and subsequent appeal pending before this Court, and Counterclaim Defendants' continued operation of the Gannetfisher Website and related social media pages, clearly indicate a strong intention to use the Gannetfisher Bird Mark in connection with overlapping and related goods and services in U.S. Commerce.

84.     Counterclaim Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Counterclaim Plaintiffs' goodwill and reputation as symbolized by the Hollister Bird Marks, for which Counterclaim Plaintiffs have no adequate remedy at law.

85.     Counterclaim Defendants' actions demonstrate an intentional, willful, and deliberate effort to trade on the goodwill associated with the Hollister Bird Marks, thereby causing immediate, substantial, and irreparable injury to Counterclaim Plaintiffs.

86.     Accordingly, Counterclaim Plaintiffs are entitled to a judgment of three times its damages and Counterclaim Defendants' ill-gotten profits, together with Counterclaim Plaintiffs' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

87.     As a direct and proximate result of Counterclaim Defendants' actions, Counterclaim Plaintiffs have been, and continue to be, damaged by Counterclaim Defendants' activities and conduct. On information and belief, Counterclaim Defendants have profited thereby,

and unless their conduct is enjoined, Counterclaim Plaintiffs' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Counterclaim Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**FIFTH COUNTERCLAIM**
**TRADEMARK INFRINGEMENT IN VIOLATION**
**OF OHIO REV. CODE § 1329.65**

88.    Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 87 above, as if fully set forth herein.

89.    The Hollister Bird Marks are entitled to protection under Ohio Revised Code § 1329 as evidenced by A&F's U.S. Trademark Registrations (U.S. Reg. Nos. 3,745,498; 4,022,932; 3,745,497; 3,855,891; 4,091,084; 3,588,412; 4,384,092; 3,592,454, 6,900,944).

90.    Counterclaim Defendants' use, advertisement and promotion of, and intent to use the Gannetfisher Bird Mark—a confusingly similar trademark—in connection with overlapping and related goods and services, namely, clothing, headwear, footwear, and clothing accessories and related marketing and advertising services, without Counterclaim Plaintiffs' consent, is likely to cause confusion or mistake or deception as to the source of origin of Counterclaim Defendants' goods and services.

91.    Counterclaim Defendants' activities constitute trademark infringement within the meaning of Ohio Revised Code § 1329.65 and Ohio common law.

92.    Counterclaim Defendants' acts of infringement are and have been deliberate, intentional, and willful and have been committed with full knowledge of Counterclaim Plaintiffs' rights in the Hollister Bird Marks. Counterclaim Defendants' bad faith is evidence by at least Counterclaim Defendants' ongoing and expanding push to use and register and use the

Gannetfisher Bird Mark after being put on explicit notice of Counterclaim Plaintiffs' prior rights, as evidenced by the years'-long Opposition and the current appeal pending before this Court.

93.     On information and belief, Counterclaim Defendants have profited because of their infringements in an amount to be proven at trial.

94.     Counterclaim Defendants' unlawful acts of infringement have cause and will continue to cause substantial and irreparable harm to Counterclaim Plaintiffs and to the public for which there is no adequate remedy at law. Counterclaim Defendants have unjustifiably benefited from their unlawful acts and will continue to infringe unless enjoined by this Court.

95.     Counterclaim Plaintiffs are entitled to injunctive relief and are also entitled to recover Mr. Gubbala's profits under at least Ohio Revised Code § 1329.66.

**SIXTH COUNTERCLAIM**
**DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REV. CODE § 4165.02**

96.     Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 95 above, as if fully set forth herein.

97.     Counterclaim Plaintiffs own trademark rights in its Hollister Bird Marks, and Counterclaim Defendants' acts, as described above, constitute deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act, codified at Ohio Revised Code § 4165.02.

98.     Counterclaim Defendants' unlawful use, advertisement and promotion of, and intent to use the Gannetfisher Bird Mark in connection with offering and selling apparel items creates a likelihood of confusion among consumers with respect to at least the source, sponsorship, or approval of the parties' goods or services or as to the affiliation, connection, or association between the parties and/or the parties' goods or services.

99.     By operating the Gannetfisher Website and social media accounts and advertising the sale of their goods and services in connection with the Gannetfisher Bird Mark online,

Counterclaim Defendants create a likelihood of confusion or misunderstanding as to at least the affiliation, connection, and/or association between the parties and/or the parties' goods or services.

100.    Counterclaim Defendants' conduct is and has been deliberate, intentional, and willful and has been committed with full knowledge of Counterclaim Defendants' rights. Counterclaim Defendants' bad faith is evidenced by at least Counterclaim Defendants' ongoing and expanding campaign seek to use a mark that is confusingly similar to the Hollister Bird Marks, thereby causing consumer confusion and eroding Counterclaim Plaintiffs' trademark rights.

101.    Counterclaim Plaintiffs have been injured as a result of Counterclaim Defendants' unlawful and unauthorized deceptive trade practices by damaging Counterclaim Plaintiffs' goodwill with the public.

102.    As a result of Counterclaim Defendants' unlawful and unauthorized deceptive trade practices, Counterclaim Defendants have caused and will continue to cause substantial and irreparable harm to Counterclaim Plaintiffs and to the public for which there is no adequate remedy at law.

103.    On information and belief, Counterclaim Defendants have unjustifiably benefited from its unlawful acts and will continue to do so unless enjoined by this Court.

104.    Counterclaim Plaintiffs are entitled to injunctive relief and are also entitled to recover reasonable attorneys' fees under at least Ohio Revised Code § 4165.03.

## SEVENTH COUNTERCLAIM
## TRADEMARK INFRINGEMENT UNDER OHIO COMMON LAW

105.    Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 104 above, as if fully set forth herein.

106.    Counterclaim Defendants' activities, in particular Counterclaim Defendants' attempt to use the Gannetfisher Bird Mark in commerce on the Gannetfisher Website, social media,

and products, and in direct competition with Counterclaim Plaintiffs, constitute common law trademark infringement because Counterclaim Defendants' use and advertisement of the Gannetfisher Bird Mark is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of products bearing infringing marks by creating the false and misleading impression that products bearing infringing marks are manufactured by, authorized by, or otherwise associated with Counterclaim Plaintiffs, or that the parties are otherwise connected, associated, and/or affiliated.

107.    The Hollister Bird Marks are entitled to protection under the common law. Counterclaim Plaintiffs have extensively and continuously promoted and used the Hollister Bird Marks in the United States and in Ohio. Through that extensive and continuous use, the Hollister Bird Marks have become a well-known indicator of the origin and quality of Counterclaim Plaintiffs' products and services. Counterclaim Plaintiffs' Hollister Bird Marks have also acquired substantial secondary meaning in the marketplace, including in and across Ohio, in geographic areas of Ohio such as the Columbus area, and to relevant groups of consumers and potential customers, e.g. individuals who purchase and/or are likely to purchase clothing, footwear, headwear, and clothing accessories.

108.    Counterclaim Defendants' advertisement, use, and intention to use a confusingly similar trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Counterclaim Plaintiffs for which Counterclaim Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Counterclaim Plaintiffs' Hollister Bird Marks, Counterclaim Plaintiffs' products and services, and Counterclaim Plaintiffs themselves.

109.    On information and belief, Counterclaim Defendants' promotion and advertisement

of, use, and intent to use the confusingly similar seabird design mark has been intentional and willful. Counterclaim Defendants' bad faith is evidenced at least by Mr. Gubbala's ongoing and expanding campaign to contest the TTAB's Final Decision, and Counterclaim Defendants' ongoing efforts to confuse consumers, and erode Counterclaim Plaintiffs' trademark rights.

110.    Counterclaim Plaintiffs are entitled to injunctive relief and are also entitled to recover at least Mr. Gubbala's profits, costs, Counterclaim Plaintiffs' reasonable attorneys' fees, and punitive damages as permitted by Ohio law.

## EIGHTH COUNTERCLAIM
## TRADEMARK DILUTION UNDER OHIO COMMON LAW

111.    Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 110 above, as if fully set forth herein.

112.    Based on the activities described above, including for example, Counterclaim Defendants' advertisement of, use, and intent to use the confusingly similar Gannetfisher Bird Mark, Counterclaim Defendants are likely to dilute, have diluted, and continue to dilute the Hollister Bird Marks in violation of Ohio common law. Counterclaim Defendants' use of the confusingly similar Gannetfisher Bird Mark is likely to cause, and has caused, dilution of Counterclaim Plaintiffs' distinctive Hollister Bird Marks.

113.    The Hollister Bird Marks are strong and famous marks in and across Ohio, particularly in the Columbus area, among consumers, potential consumers, and to Counterclaim Plaintiffs' considerable customer base.

114.    Counterclaim Defendants' activity is likely to cause, and has caused, dilution of Counterclaim Plaintiffs' distinctive, strong, and famous Hollister Bird Marks, at least by eroding and/or blurring the public's exclusive identification of the Hollister Bird Marks with Counterclaim Plaintiffs their products and services, and by lessening the capacity and/or causing a gradual

diminution in distinctiveness, effectiveness, and value of Counterclaim Plaintiffs' famous Hollister Bird Marks to identify and distinguish Counterclaim Plaintiffs' products and services.

115. On information and belief, Counterclaim Defendants' use advertisement of, use, and intent to use the Gannetfisher Bird Mark—the confusingly similar seabird design mark—has been intentional and willful. Counterclaim Defendants' bad faith is evidenced at least by Counterclaim Defendants' ongoing and expanding campaign to copy the Hollister Bird Mark and to refuse to stop using the Gannetfisher Bird Mark even after being made explicitly aware of Counterclaim Plaintiffs' extensive prior rights in the Hollister Bird Marks, and by Counterclaim Defendants' continuing disregard for Counterclaim Plaintiffs' rights.

116. Counterclaim Plaintiffs are entitled to injunctive relief, and are entitled to recover at least Counterclaim Defendants' profits, costs, Counterclaim Plaintiffs' reasonable attorneys' fees, and punitive damages as permitted by Ohio law.

### NINTH COUNTERCLAIM
### UNFAIR COMPETITION UNDER OHIO COMMON LAW

117. Counterclaim Plaintiffs repeat and reallege Paragraphs 1 through 116 above, as if fully set forth herein.

118. Counterclaim Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of products using marks or designs that infringe the Hollister Bird Marks and/or other infringing uses, in direct competition with Counterclaim Plaintiffs, constitute common law unfair competition under Ohio Law, at least because Counterclaim Defendants have obtained an unfair advantage as compared to Counterclaim Plaintiffs through Counterclaim Defendants' use of a confusingly similar trademark, the Gannetfisher Bird Mark. Counterclaim Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of products bearing infringing marks, in direct competition with Counterclaim Plaintiffs and in an intentional and calculated

manner, are likely to cause consumer confusion as to origin and/or sponsorship/affiliation of products bearing infringing marks, at least by creating the false and misleading impression that the infringing products are manufactured by, or otherwise associated with Counterclaim Plaintiffs, Counterclaim Defendants have interfered with Counterclaim Plaintiffs' business.

119.    Counterclaim Plaintiffs Hollister Bird Marks are entitled to trademark protection under the common law. Counterclaim Plaintiffs have extensively and continuously promoted and used the Hollister Bird Marks for over twenty years in the United States and Ohio. Through that extensive and continuous use, the Hollister Bird Marks have become well-known indicators of the origin and quality of Counterclaim Plaintiffs' products and services. The Hollister Bird Marks have also acquired substantial secondary meaning in the marketplace, including in and across Ohio, in geographic areas of Ohio such as the Columbus area, and to relevant groups of consumers and potential customers. Moreover, the Hollister Bird Marks acquired this secondary meaning before Counterclaim Defendants started infringing the Hollister Bird Marks.

120.    Counterclaim Defendants' use of the Gannetfisher Bird Mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Counterclaim Plaintiffs for which Counterclaim Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Hollister Bird Marks, Counterclaim Plaintiffs' products and services, and Counterclaim Plaintiffs themselves.

121.    Counterclaim Defendants' use of the Gannetfisher Bird Mark—a confusingly similar mark to the Hollister Bird Marks—has been intentional and willful. Counterclaim Defendants' bad faith is evidenced at least by Counterclaim Defendants' continued unlawful use, promotion, and advertisement of, and intent to use the Gannetfisher Bird Mark, and by Counterclaim Defendants' continuing disregard for Counterclaim Plaintiffs' rights.

122.    Counterclaim Plaintiffs are entitled to injunctive relief, and are entitled to recover at least Counterclaim Defendants' profits, costs, Counterclaim Plaintiffs' reasonable attorneys' fees, and punitive damages as permitted by Ohio law.

**JURY DEMAND**

Counterclaim Plaintiffs demand a trial by jury on all issues triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs respectfully requests that this Court:

(i)    Affirm the TTAB Final Decision;

(ii)    Enter judgment that Counterclaim Defendants have:

    a.   infringed the Hollister Bird Marks in violation of 15 U.S.C. § 1125;

    b.   diluted the Hollister Bird Marks in violation of 15 U.S.C. § 1125;

    c.   engaged in unfair competition and false designation of origin all in violation of 15 U.S.C. § 1125(a);

    d.   infringed the Hollister Bird Marks in violation of Ohio Revised Code § 1329.65;

    e.   engaged in deceptive trade practices in violation of Ohio Revised Code § 4165.02;

    f.   violated Counterclaim Plaintiffs' rights in its Hollister Bird Marks under Ohio common law;

    g.   diluted Counterclaim Plaintiffs' trademarks in violation of Ohio common law;

    h.   engaged in unfair competition under Ohio common law; and

    i.   that all of these wrongful activities by Mr. Gubbala and Gannetfisher were willful.

(iii)    Issue an Order that:

- 30 -

a. Counterclaim Defendants, its agents, servants, employees, attorneys, and all others in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

    i. using or applying to register the Hollister Bird Marks, or any colorable imitation thereof, including but not limited to the Gannetfisher Bird Mark, on or in connection with the design, manufacture, importation, advertisement, promotion, marketing, sale or other distribution of apparel, or any other goods, or related services in the United States;

    ii. doing any other act or thing likely to confuse, mislead, or deceive others into believing that Mr. Gubbala or his products or services emanate from, or are affiliated or connected with, or sponsored or approved by, A&F;

b. an accounting be directed to determine Counterclaim Defendants' sales or gains, profits and advantages resulting from his activities and an Order be issued compelling Counterclaim Defendants to pay to Counterclaim Plaintiffs all such sales or gains, profits and advantages to A&F and increased as the Court finds to be just under the circumstances of this case;

c. directs Counterclaim Defendants to, in accordance with Section 36 of the Lanham Act, 15 U.S.C. § 1118, to identify and deliver to A&F for impoundment, and upon final judgment or decree, destruction of all infringing materials, including but not limited to products, printed material, packaging, labels, prints, signs, receptacles, containers, and advertising bearing the

Gannetfisher Bird Mark, or any other word or words, or design or designs confusingly similar to the Hollister Bird Marks;

d.  finds and declares that Counterclaim Defendants' foregoing acts were performed knowingly, deliberately and with intent to trade upon the goodwill of Counterclaim Plaintiffs' goods, services, and products and that such damages be trebled;

e.  grants Counterclaim Plaintiffs their costs and disbursements, including their reasonable attorneys' fees incurred in this action based on Counterclaim Defendants' willful infringement and pursuant to 15 U.S.C. § 1117, Ohio Revised Code §§ 1329.66 and 4165.03, and Ohio law, and any other applicable law;

f.  directs Counterclaim Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Counterclaim Plaintiffs, within thirty (30) days after the entry and service on Counterclaim Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Counterclaim Defendants have complied with the terms of such injunction;

g.  confirms this Court retains jurisdiction of this action for the purpose of enabling Counterclaim Plaintiffs to apply to the Court in the future for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith, and for the enforcement of any violations thereof;

h.  directs Counterclaim Defendants to pay Counterclaim Plaintiffs interest, including pre-judgment interest, on the foregoing sums; and

i.  grants such other relief as the Court deems just and appropriate.

Dated: May 16, 2024                                   Respectfully Submitted,


                                                      /s/ Eric W. Lee

                                                      Susan M. Kayser, Trial Attorney (*admitted pro hac vice*)
                                                      K&L Gates LLP
                                                      1601 K. Street, N.W.
                                                      Washington, D.C. 20006
                                                      Phone: 202-778-9421
                                                      Fax: 202-778-9001
                                                      Susan.Kayser@klgates.com

                                                      Eric W. Lee (*admitted pro hac vice*)
                                                      K&L Gates LLP
                                                      1 Congress Street
                                                      Boston, MA 02114
                                                      Phone: 617-951-9240
                                                      Eric.Lee@klgates.com

                                                      John L. Landolfi (0042208)
                                                      Maxwell H. King (0101498)
                                                      Vorys, Sater, Seymour and Pease LLP
                                                      52 East Gay Street, P.O. Box 1008
                                                      Columbus, OH 43216-1008
                                                      P/F: (614) 464-8390
                                                      Email: jllandolfi@vorys.com
                                                      mhking@vorys.com

                                                      *Counsel for Defendant and Counterclaim Plaintiffs Abercrombie & Fitch Trading Co. and Abercrombie & Fitch Co.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served via the

Court's electronic filing system on this 16th day of May 2024.

/s/ Eric W. Lee        
Eric W. Lee
